Dear Mr. Walters:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Civil Service System in the City of Slidell. You indicate by Act 61 of 1976 the Municipal Police Employees Civil Service was created, and the Municipal Employees Civil Service was created by Act 429 of 1977. Both acts were carried forward by the Home Rule Charter which became effective on July 1, 1978. Both acts have been amended by the legislature although the Home Rule Charter has not been changed wherein it provides as follows:
Sec. 7-08. Personnel Administration.
 A. The Municipal Police Employees Civil Service for the City established by the Legislature by Act 61 of 1976 and as it may be amended by the Legislature in the future, is hereby incorporated in this charter and shall continue in full force and effect and be carried out and regulated in accordance with the provisions of said statutes, except as the same may be inconsistent with the provisions of this charter, in which case the provisions of this charter shall prevail.
 B. The Municipal Employees Civil Service for the City established by Act 429 of 1977 and as it may be amended by the Legislature in the future, is hereby incorporated in this charter and shall continue in full force and effect and be carried out and regulated in accordance with the provisions of said statutes except as the same may be inconsistent with the provisions of this charter, in which case the provisions of the charter shall prevail.
You state that the City of Slidell is considering making a change in the civil service system under Section 7-08 so as to consolidate the two civil service system into one, thereby eliminating the two civil service acts created by the legislature. Accordingly, you ask whether the City can by charter amendment substitute in the place of the two civil service systems a new civil service system with one board and new provisions, and would this charter amendment establishing a new system prevail over the two legislative acts.
In Atty. Gen. Op. No. 80-348 the question was presented concerning the effect of a home rule charter providing for removal of certain elements of a police civil service system. It was observed that Article X, Section 16 establishes a system of police civil service, and continues as a statute, the police civil service system established under Article XIV, Section 15.1 of the Louisiana Constitution of 1921. Under Article X, Section 18, even the Legislature is expressly prohibited from abolishing the system of classified civil service. While it was felt an attempt to provide by home rule charter for changes to or abolition of the classified merit system would present constitutional questions, it was concluded, "Any modification or abolition of the existing municipal police civil service by home rule charter would conflict with Article X, Sec. 16 et seq."
This office also concluded in Atty. Gen. Op. No. 88-343 that "the provisions of Act 61 of 1976 regarding legal services for the Municipal Police Civil Service Board of the City of Slidell controls over any provision of the City of Slidell Home Rule Charter." It was observed Article X, Sections 16-18 established a system of classified fire and police civil service, and Act 61 of 1976 implements the police civil service for the City of Slidell. It was then stated, "Act 61, as specific legislation implementing a constitutional provision, takes precedence over the Home Rule Charter, which is a local enactment."
Similarly, in Atty. Gen. Op. No. 78-1108 wherein this office was asked whether the Lafayette City Council under its home rule charter could abolish the Municipal Employees' Civil Service Board created by Act 288 of 1958, it was concluded the City Council was not authorized under the home rule charter to enact an ordinance that was inconsistent or in conflict with any act of the Legislature regarding a municipal civil service system.
We find nothing to justify a departure from these opinions and would again state the City cannot enact charter amendments to eliminate the two civil service systems established by legislative acts.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General